**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ALEJO COVARRUBIAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-4484 |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Pending before this Court is a Motion for Summary Judgment filed by Doug Dretke, Director of the TDCJ-CID. Based on consideration of the pleadings, the motion, the record, and the applicable law, this Court GRANTS the motion.

**I. BACKGROUND AND CLAIMS**

Petitioner, Alejo Covarrubias, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the TDCJ-CID. He is serving a sentence in cause number 770221 in the 183rd District Court of Harris County, Texas.

Petitioner was indicted for murder. Petitioner's brother, Raymundo Covarrubias, was charged with the same murder. They pled not guilty and were tried together. On January 11, 1999, the jury found Petitioner guilty and sentenced him to 55 years imprisonment in the TDCJ-CID. The jury acquitted Raymundo.

Petitioner filed a state application for a writ of habeas corpus under Article 11.07

of the Texas Code of Criminal Procedure challenging his conviction. *See Ex Parte Covarrubias,* Application No. 58,237-01, State Habeas Record (HR). Petitioner raised his federal claims in the state habeas corpus application. The application was denied without written order on November 10, 2004. *Id.*, at cover.

Petitioner raised these grounds for relief in his Original Petition:

1. Petitioner was denied the effective assistance of counsel on appeal when counsel failed to raise a claim that the evidence was legally insufficient to sustain a murder conviction because the stab wound inflicted by the co-defendant was fatal even if Petitioner had not subsequently shot the deceased.

2. Petitioner was denied the effective assistance of counsel on appeal when counsel failed to raise a claim that the evidence was legally insufficient to sustain a murder conviction because the jury found that the co-defendant lawfully killed the deceased in self-defense.

Petitioner has abandoned his first ground for relief. *See* Petitioner's Response in Opposition to the Respondent's Summary Judgment Motion (Docket Entry No. 10).

Petitioner's recitation of the facts follows. Petitioner and his brother Raymundo were at a bar in Houston. They argued with some people. Petitioner got out of his truck carrying a gun, walked to a truck driven by Rosendo Rodriguez, and tapped on the window with the gun. Petitioner then saw Raymundo and Rogelio Mendez fighting in the parking lot, ran toward them, and fired once at Mendez, who was standing. Mendez fell to the ground, pulling Raymundo with him. Raymundo took a knife from his jacket pocket and began stabbing Mendez as the two were fighting on the ground.

2

Petitioner shot Mendez as he lay on his back and then grabbed him by the hair and shot him in the head at close range.

Petitioner testified as follows. While Petitioner was talking to Rodriguez, he saw two men running toward his truck. The closest man, Mendez, grabbed Raymundo and hit him in the head, knocking him to the ground. Mendez sat on top of Raymundo, hitting him. Petitioner obtained a gun from his truck and shot Mendez.

The court instructed the jury on self-defense as applied to Raymundo and on defense of a third person as applied to Petitioner. The jury acquitted Raymundo on the ground of self-defense but convicted Petitioner of murder.

## II. THE SUMMARY JUDGMENT & AEDPA STANDARDS

A party seeking summary judgment bears the initial burden of informing the district court of the basis for the motion, and identifying those portions of the record, which the moving party believes demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, (1986). In considering a motion for summary judgment, a court must review the material factual issues and give the non-moving party the benefit of every reasonable inference with respect to the facts alleged by that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was signed into law. Pub. L. No. 104-132, 110 Stat. 1214 (1996). The

AEDPA amended the federal habeas corpus statutes to place these restrictions on applications for habeas corpus relief:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> ........
>
> (e) (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254 (Supp. 1996).

### III. PETITIONER'S ARGUMENT

Petitioner's contentions follow. Raymundo's acquittal on the ground of self-defense established that the homicide was justified. Petitioner's murder conviction violated due process because the jury finding that the homicide was justified meant that no crime was committed.

The Texas Court of Criminal Appeals recognizes that "inasmuch as two persons are necessary to a conspiracy, if two are tried and one is acquitted, the other must also be acquitted." *Hustead v. State*, 251 S.W. 1074, 1075 (Tex. Crim. App. 1922). This principle applies to substantive offenses. *People v. Allsip*, 74 Cal Rptr. 550 (Cal. App.

1969). In *Allsip*, two defendants were tried together for sexual assault and aiding and abetting each other. The jury acquitted one defendant of both counts; the other defendant was acquitted of sexual assault but convicted of aiding and abetting. The conviction was reversed because one defendant could not be convicted of aiding and abetting where the jury, by acquitting the co-defendant, determined that no crime occurred. Self-defense and defense of another are harmonious, compatible theories, as "a finding that one had killed the victim in justification or self-defense would acquit the other as well." *State v. Snodgrass*, 346 N.W.2d 472, 477 (Iowa 1984).

Petitioner could not be convicted of murdering someone who was lawfully killed by a third person. Appellate counsel would have been successful had he raised this issue on appeal.

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show: (1) that his lawyer's performance was deficient and (2) that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The *Strickland* standard applies on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). A petitioner claiming ineffective appellate counsel must show that (1) appellate counsel acted objectively unreasonably in failing to raise a particular issue on appeal, and (2) absent

5

counsel's deficient performance, there was a reasonable probability that defendant's appeal would have been successful before the state appellate court. *Id*.

Petitioner argues that because the jury found Raymundo not guilty by reason of self-defense, Petitioner's murder conviction violated due process. Petitioner maintains that the jury finding that Raymundo acted in self-defense means that the homicide was justified and that no crime was committed.

1. *The record does not show that the jury necessarily acquitted Raymundo based on self-defense.*

The record before this Court contains a jury charge and verdict in Raymundo Covarrubias's conviction in cause number 770220. HR, 86-101. The jury charge instructs the jury concerning self-defense and defense of a third party. The charge also instructs the jury on criminal responsibility for the conduct of another if the defendant aids and abets the other person. The verdict form contains only two entries for the jury to choose from: (1)"We, the jury find the defendant, Raymundo Moran Covarrubias, not guilty." and (2) "We, the jury find the defendant, Raymundo Moran Covarrubias, guilty, as charged in the indictment." *Id*., 101. The jury foreman signed the first entry.

The parties argued self-defense during closing arguments. However, the record does not support Petitioner's claim that the jury necessarily acquitted Petitioner based on self-defense. Based on the jury charge and verdict form, the jury could have

decided, among other reasons for their verdict, that the State failed to prove beyond a reasonable doubt that Raymundo killed Mendez or decided that Raymundo was justified in defending himself but Petitioner was not justified in defending Raymundo. Petitioner has not shown a genuine issue of material fact that the jury acquitted Raymundo based on self-defense—an essential part of Petitioner's ground for relief.

Petitioner's claim fails because he has not shown that the jury necessarily acquitted Raymundo on self-defense grounds or that the jury found the homicide was justified.

2. *Under the evidence, the jury's verdict could have been based on a conclusion that Raymundo was justified in using self-defense but Petitioner was not.*

Assuming that the jury acquitted Raymundo based on self-defense does not help Petitioner. The standard for insufficiency of the evidence in a state court conviction is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Under this standard, the jury may disregard any evidence it chooses to disregard. The fact-finder can find not credible, and thus ignore, any evidence. *Id*. Any contradictory testimony does not affect the validity of the verdict. *Id*. Furthermore, the evidence can be sufficient to support a conviction under *Jackson* even when it also supports a claim of innocence. *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).

A reading of the record in light of *Jackson* shows that a rational trier of fact could have easily found that Raymundo was justified under Texas law in defending himself against Mendez and that Petitioner was not justified in shooting Mendez in defense of Raymundo. *Jackson*, 443 U.S. at 319. The Texas Court of Appeals (which cited *Jackson* in its opinion) found the evidence factually and legally sufficient for the jury to find that Petitioner was not justified in using deadly force against Mendez.

Assuming the jury acquitted Raymundo on self-defense, they certainly *could* have decided that whatever facts led them to this acquittal also applied to justify Petitioner's shooting of Mendez. However, Petitioner's argument—in effect that the court *must* acquit Petitioner because of Raymundo's acquittal—does not hold water. Petitioner's claim fails because he has not shown that the jury's acquittal of Raymundo on self-defense is factually inconsistent with Petitioner being guilty of murdering without legal justification.

3. *An acquittal of a defendant for self-defense does not legally require the acquittal of a co-defendant.*

"An accomplice is not entitled to a new trial or reversal just because a subsequently tried principal has been acquitted." *Tucker v. State*, 461 S.W.2d 630 (Tex.Cr.App.1970). Texas has more recently abolished the distinction between principals and accomplices. PENAL CODE ANN. § 7.01(c) (West 2003) ("All traditional

distinctions between accomplices and principals are abolished by this section, and each party to an offense may be charged and convicted without alleging that he acted as a principal or accomplice.").

Texas law allows the conviction of a defendant whose criminal responsibility is based on the conduct of another even where the other actor has been acquitted. TEX. PENAL CODE ANN. § 7.03 (West 2003) ("In a prosecution in which an actor's criminal responsibility is based on the conduct of another .... it is no defense ....that the person for whose conduct the actor is criminally responsible has been acquitted...."). Petitioner has no right to an acquittal even if he had been convicted merely on the conduct of Raymundo for which Petitioner was criminally responsible; much less an acquittal where he had been convicted based on his own conduct. Here, the case for requiring an acquittal based on a co-defendant's acquittal is weaker than the situation covered by the statute—Petitioner personally shot Mendez. *See Singletary v. State*, 509 S.W.2d 572, 578 (Tex. Crim. App.1974) (holding that the statute prevents invalidation of a conviction of an accomplice due to acquittal of principal).

There is no Constitutional violation rooted in the alleged inconsistency between Raymundo's acquittal on self-defense and Petitioner's conviction arising from the same killing. *See Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (the "Constitution does not require that verdicts against an accomplice and his principal be consistent.");

9

*accord Hamling v. United States*, 418 U.S. 87, 101 (1974) ("It has, of course, long been the rule that consistency in verdicts or judgments of conviction is not required."); *see also United States v. Finch*, 16 F.3d 228, 230 (8th Cir.1994).

The cases Petitioner cites do not help him. *Hustead* is inapposite because it involved a conviction for a *conspiracy* to commit the crime of theft. A conspiracy necessarily involves two or more people. As Petitioner quotes the opinion: "inasmuch as two persons are necessary to a conspiracy, if two are tried and one is acquitted, the other must also be acquitted." *Hustead*, 251 S.W. at 1075. Our case involves two defendants who committed two separate acts, a stabbing and a shooting.

In *Allsip*, defendant Allsip was charged with sexually assaulting a female and aiding and abetting co-defendant Barnes with sexually assaulting the same female. Barnes was charged with sexually assaulting the female and aiding and abetting Allsip in sexually assaulting her. The two were tried together before the same jury. The jury acquitted Barnes of both counts. The jury could not reach a verdict on the sexual assault charge against Allsip and the court declared a mistrial on that count. The jury found Allsip guilty of aiding and abetting Barnes in the commission of the sexual assault. The state appellate court said that "[w]here the commission of a single crime is charged, it is clear that a jury cannot acquit the principal and yet find his codefendant guilty of being an accessory to the commission of the crime it found had not been

committed." *Allsip*, 268 Cal. App. 2d at 831. That is, it does not make sense to convict Allsip of aiding and abetting Barnes in a sexual assault when Barnes was acquitted of that same sexual assault. The acquittal of Raymundo for stabbing Mendez could, under *Allsip*, possibly call into question a conviction of Petitioner for aiding and abetting Raymundo in stabbing Mendez. However, the jury in our case was presented evidence that Petitioner committed a crime based on his own conduct, *i.e.*, shooting Mendez.

Petitioner cites *State v. Snodgrass*, 346 N.W.2d 472 (1984), 476-78 (Iowa, 1984). In *Snodgrass*, a woman and her paramour were charged with killing the woman's husband. The State's theory was that the two defendants acted together in planning the murder. The defendants both claimed the other shot the husband, but in self defense. Both defendants sought a severance. The appeals court essentially said that the compatibility of the two defendant's justification defenses reduced concerns over prejudice from a joint trial. The language quoted by Petitioner about compatible defenses was made in the context of discussing whether a joint trial would prejudice the defendants—not about inconsistent verdicts. *Snodgrass* is distinguishable from our case.

Petitioner's cases offered in support of his position are distinguishable. Furthermore, as state cases, they are not controlling in this Court. Petitioner's claim

fails because he has not shown a Constitutional right to avoid a conviction based on the acquittal of a co-defendant in this kind of situation.

For the reasons explained above, counsel was not deficient for failing to claim on appeal that the evidence was legally insufficient to sustain a murder conviction because the jury found that Petitioner's co-defendant lawfully killed the deceased in self-defense. It follows that no prejudice resulted from this failure. Therefore, Petitioner did not receive ineffective assistance of appellate counsel.

**B. AEDPA Review of the Assistance of Counsel Determination**

The record before this Court does not raise a genuine issue of material fact that this Court can grant relief overcoming the restrictions in 28 U.S.C. § 2254(d), (e). Whether counsel was ineffective is a mixed question of law and fact and is controlled by the "unreasonable application" part of section 2254(d). *See Moore v. Johnson*, 101 F.3d 1069, 1075-76 (5th Cir. 1996). The state court's adjudication on the merits that appellate counsel was not ineffective is not contrary to and did not involve an unreasonable application of clearly established federal law under *Strickland*. 28 U.S.C. § 2254(d)(1). Under the record, the state habeas court's adjudication on assistance of counsel was not incorrect or erroneous, much less also unreasonable. *See Williams v. Taylor*, 529 U.S. 362, 411 (2000). This Court cannot grant habeas corpus relief.

The fact findings that are subsidiary to an ineffective assistance of counsel

determination and implicitly underlie that determination are fact questions governed by 28 U.S.C. § 2254(e)(1). *See Black v. Collins*, 962 F.2d 394, 405-06 (5th Cir. 1992) (discussing a prior version of § 2254(d)). The state habeas findings are presumed correct unless rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Petitioner has not overcome this presumption of correctness. Therefore, this Court is also precluded from granting relief on the ineffective assistance ground because the state habeas court's explicit and implicit fact findings concerning counsel's effectiveness have not been rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The record before this Court does not raise a genuine issue of material fact that appellate counsel was ineffective under the deficient performance prong or the prejudice prong of *Strickland*. The summary judgment record does not raise a genuine issue of material fact that this Court has authority to grant federal habeas corpus relief under 28 U.S.C. § 2254(d), (e).

## V. CONCLUSION

The record before this Court does not raise a genuine issue of material fact that Petitioner is in custody in violation of the Constitution. Respondent is entitled to summary judgment on Petitioner's habeas corpus claim raised in this action.

Respondent's Motion for Summary Judgment [Docket Entry No. 6] is

GRANTED and this case is DISMISSED with prejudice under Rule 56. All other pending motions and requests for relief are DENIED.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). This Court finds that a Certificate of Appealability should not issue in this case.

SIGNED at Houston, Texas, on this 9th day of March, 2006.

_____

DAVID HITTNER

United States District Judge